[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-2027

MACARTHUR DENSON,

Plaintiff, Appellant,

v.

JOHN H. MARSHALL, JR.; MARK POWERS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Stahl and Lynch,
Circuit Judges.

MacArthur Denson on brief pro se.
Nancy Ankers White, Special Assistant Attorney General, and Ann M. McCarthy, Counsel, Department of Correction, on brief for appellees.

September 29, 2000

**Per Curiam**.    Pro se appellant MacArthur Denson is a prisoner confined to the Departmental Disciplinary Unit (DDU) at M.C.I. Cedar Junction, a Massachusetts correctional institution.  He has sued John Marshall, the Superintendent of that facility, and Mark Powers, the Deputy Superintendent,    alleging    that    they    violated    his constitutional right to the free exercise of his religion by denying his request for non-perishable food to enable him to fast during daylight hours for three days each month.  The district court granted the defendants' motion for summary judgment  and  thereafter  denied  appellant's  motion  for reconsideration.  Having thoroughly reviewed the record and the parties' briefs on appeal, we affirm, substantially for the reasons stated by the district court.  See Denson v. Marshall, 59 F. Supp.2d 156, 157-59 (D. Ma. 1999).  We add the following comments.

We reject appellant's contention that the district court erroneously resolved genuine issues of material fact in granting the defendants summary judgment.  The factual issues that the appellant identifies were not material to the resolution of this case.  Even if we credit appellant's evidence that peanut butter and jelly are readily available

-2-

at Cedar Junction, it is clear that appellant is seeking "special food" (i.e., items which deviate from the general menu) at a "special time" (three particular days each month). This particularized accommodation pales in light of the avenues of religious expression that are already available to appellant. Under these circumstances, the district court properly deferred to the superintendent's informed opinion that accommodating appellant's request would create intolerable logistical and security problems. See, e.g., Kadey v. Jones, 836 F.2d 948, 950-51 (5th Cir. 1988); Udey v. Kastner, 805 F.2d 1218, 1220-21 (5th Cir. 1986).[1]  Similarly, although the district court did not explicitly mention the fourth factor under the Turner test, we discern no error. On this record, it is clear that the court implicitly abjured appellant's contention that his

_____

[1]Contrary to appellant's contention on appeal, the fact that appellant may not observe the particular fasts in issue without the institution's accommodation is of no moment here. "'[T]he right' in question must be viewed sensibly and expansively." Thornburgh v. Abbott, 490 U.S. 401, 417-18 (1989)(citations omitted). Thus, the relevant inquiry under the second Turner factor is whether an inmate has alternative means of expressing his religious beliefs generally, not whether there is an alternative means of engaging in the particular religious practice in issue. Accord DeHart v. Horn, ___ F.3d ___, 2000 WESTLAW 1280970 at *5 (3d Cir. Sept. 8, 2000); Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993).

request could be accommodated at *a de minimis* cost to valid penological interests.

Affirmed.  See Loc. R. 27(c).